In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County, for the Purpose of Providing Additional Water for the City of New York. ADER E. MERRILL et al., Appellants; CITY OF NEW YORK, Respondent.—Appeal by claimants from an order of the Supreme Court at Special Term, entered in Delaware County on June 16, 1952. The City of New York has appropriated five parcels of land under title K of the Administrative Code of the City of New York known as "Water Supply Act". Commissioners of appraisal have made awards to each of the claimants-appellants for the properties appropriated after extensive hearings. On motion by the City of New York to reject the commissioners' report, Special Term has granted the motion as to each of appellants herein, unless within thirty days they stipulate to accept a sum fixed by the court, which in each of the cases here involved is less than the amount awarded by the commissioners of appraisal. Each of the awards here under consideration is said to be "so excessive as to shock the judicial conscience." Claimants have not stipulated to accept the awards as reduced by the court, and appeal from the order. The commissioners of appraisal have viewed the premises and heard extensive evidence. In the case of each of the five parcels there is sufficient evidence to sustain the award made by the commissioners of appraisal. Though there was conflicting evidence as to value, we do not think that the record warrants overruling their determination. (*Matter of Gillespie*, 266 App. Div. 761.) Order reversed, on the law and facts, and cross motion to confirm the sixth separate report of the commissioners of appraisal is granted, with $50 costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County, for the Purpose of Providing Additional Water for the City of New York. CITY OF NEW YORK, Appellant; JOHN W. BOUW et al., Respondents.— Appeal by the City of New York from an order of the Supreme Court, Broome County, which confirmed the fifth separate report of commissioners of appraisal in connection with condemnation proceedings in the county of Delaware for the acquisition of an additional water supply. Seven awards for indirect business and real property damages, found under section K 41-44.0 of the Administrative Code of the City of New York, are involved. Six of the claimants are dairy farmers, and the seventh owns and operates a seasonal farm boarding house. None of the claimants' lands were appropriated, and the elimination of the hamlet of Pepacton and the isolation caused by the city's reservoir project in the East Branch of the Delaware Valley, are the principal causes assigned for the business losses and property damage. The city is building a vast reservoir, some twenty-five miles in length, between the villages of Downsville and Margaretville in Delaware County, which will destroy the hamlet of Pepacton and several other hamlets as well along the East Branch of the Delaware River. Pepacton was formerly a shopping center for claimants, although they also shopped occasionally at Downsville. They are now required to travel an addi-

tional distance of at least six and a half miles to Downsville, which is the nearest shopping center left. The commissioners found that the city's condemnation project increased claimants' operating costs for shopping, hauling feed, obtaining gravel, hauling milk and obtaining seasonal help; and in the case of the boarding house keeper for loss of boarders. The annual increased operating costs for different claimants ranged from a high of $392.98 to a low of $123.08; and the total business damage awards ranged from a high of $2,000 to a low of $625. The Special Term held that while the evidence submitted to sustain the alleged business losses was not too definite or certain it could not be said to be insufficient as a matter of law, nor were the awards palpably against the weight of evidence. It cited *Board of Water Supply* v. *Bishop* (211 N. Y. 174) as authority for the propositions that farming is an established business and increased operating costs constitute a business loss or damage. The record indicates that claimants produced the best evidence they had available on this phase of the claims. The awards for indirect damage to real estate values ranged from a high of $3,250 to a low of $500. The commissioners found that the values of claimants' properties were adversely affected by increased operating costs, isolation and a probable eventual loss of the best use of the properties. The testimony of the experts varied widely as to these matters. It seems clear however that the commissioners had a reasonable basis for holding that the elements mentioned would adversely affect the market value of claimants' properties. The city's project not only has or will eliminate the hamlet of Pepacton, but several other adjacent communities as well; leaving to claimants the village of Andes to the north, eighteen miles away; Margaretville to the east, eighteen miles away; Roscoe to the south some twelve miles away over a bad road; and Downsville on the west eight to ten miles away. The commissioners were on the ground, they viewed the terrain and were familiar with the roads obliterated and those replaced. Their judgment should be accepted unless based upon improper evidence or erroneous theories. In a record of this size some error was bound to creep in but on the whole we find nothing to require a reversal. We cannot say that the conclusions of the commissioners were so unreasonable or improbable that they should be rejected. Order unanimously affirmed, with $50 costs and printing disbursements. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.